```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                        :
REBECCA TAYLOR, et al.                  :
                                        :
                                        :
                                        :
v.                                      :  CIV. NO. 3:08CV557 (JBA)
                                        :
THE HOUSING AUTHORITY OF                :
THE CITY OF NEW HAVEN, ET AL            :
                                        :
```

<u>RULING ON PLAINTIFF'S MOTION TO COMPEL [DOC. #113] AND
DEFENDANT'S MOTION TO STAY PLAINTIFF'S MOTION TO COMPEL [DOC.
#125]</u>

Pending is plaintiff's Motion to Compel [Doc. #113] and defendant's Motion to Stay plaintiff's Motion to Compel [Doc. #125].

Plaintiff moves to compel individual defendants Dubois-Walton, Miller and Solomon to respond to the plaintiffs' November 14, 2008 interrogatories and requests.

<u>Interrogatory No. 4</u> asks,

    What is your current net worth?

<u>Requests for Production No. 1</u> seeks,

> A copy of each joint or individual federal tax form filed by or on behalf of you between 2006 and the present, including attachments, if any.

The defendants object that the information sought is beyond the scope of permissible discovery under Rule 26(b) of the Federal Rules of Civil Procedure in that the information is not relevant to the claim or defense of any party. Defendants contend that they should not be required to produce the discovery at issue until: (1) the plaintiffs make some showing that their

punitive damages claims are viable; and/or (2) the defendants have an opportunity to challenge the legal and/or factual sufficiency of the plaintiffs' punitive damages claims.  In the alternative, defendants argue that the tax returns are entitled to a qualified privilege.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.  See Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Argument

Defendants argue that the plaintiffs should be required to make some factual showing that their punitive damages claims are viable before the individual defendants are forced to disclose their personal and confidential financial information. Defendants have propounded on plaintiffs a series of related

interrogatories and plaintiffs timely responded.[1]

As the Court finds this information relevant to punitive damages, defendants shall turn this information over to plaintiffs.  Accordingly, Plaintiff's Motion to Compel [Doc. #113] is **GRANTED** and Defendant's Motion to Stay Plaintiff's Motion to Compel [Doc. #125] is **DENIED.**

Compliance with discovery ordered by the Court shall be made within ten (10) days of the filing of this ruling and order. D. Conn. L. Civ. R. 37 (a)(5).

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 10th day of June 2009.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants have not changed their position regarding their Motion to Stay Net Worth Discovery based on the answers received.