UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Rebecca Taylor, Karl Hunter, and Heiwa Salovitz,<br>    *Plaintiffs*,<br><br>        v.<br><br>The Housing Authority of New Haven, Karen DuBois–Walton, Jimmy Miller, David Alvarado, Ilona Leffingwell, Louise Persall, Robert Solomon, and Jason Turner,<br>    *Defendants*. | Civil No. 3:08cv557 (JBA)<br><br><br><br><br><br>July 14, 2010 |

ORDER ON PLAINTIFFS' MOTION FOR ADDITIONAL FINDINGS [Doc. # 245]

On March 29, 2010, this Court issued a Memorandum of Decision concluding that Plaintiffs Rebecca Taylor, Karl Hunter, and Heiwa Salovitz had not shown Defendants[1] to have violated the Fair Housing Act (the "FHA"), the Fair Housing Act Amendments (the "FHAA"), or Section 504 of the Rehabilitation Act ("Section 504"). *Taylor v. Hous. Auth. of New Haven*, 267 F.R.D. 36 (D. Conn. 2010). Judgment entered the same day. On March 31, 2010 Plaintiffs filed a Notice of Appeal of the Judgment.[2] Pursuant to Federal Rule of Civil Procedure 52(b), Plaintiffs now move for "additional factual findings" related to

---

[1] Plaintiffs brought suit against the Housing Authority of New Haven ("HANH") as well as HANH Executive Director Karen DuBois–Walton, former HANH Executive Director Jimmy Miller, and five members of the Housing Authority Commission for the City of New Haven (David Alvarado, Ilona Leffingwell, Louise Persall, Robert Solomon, and Jason Turner).

[2] Familiarity with the factual and procedural background of this case is presumed. *See Taylor v. Hous. Auth. of New Haven*, 257 F.R.D. 23 (D. Conn. 2009) (Ruling on Plaintiffs' Motion for Class Certification [Doc. # 108]); *Taylor*, 267 F.R.D. 36 (Memorandum of Decision [Doc. # 240]); Judgment [Doc. # 242]; Judgment Docket Entry Correction [Doc. # 243]; Notice of Appeal [Doc. # 244].

HANH's production, content, and distribution of lists of apartments available for rent by disabled participants in the Section 8 Program. (Pls.' Mot. for Add'l Findings [Doc. # 245].)[3]

"The standard governing consideration of a motion for an amendment of findings of fact under Fed. R. Civ. P. 52(b) mirrors the standard governing motions for reconsideration." *Precision Stone, Inc. v. Arch Ins. Co.*, No. 04 Civ. 9996(RWS), 2007 WL 1975487, *1 (S.D.N.Y. Jul. 6, 2007), *rev'd on other grounds sub. nom.*, *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33 (2d Cir. 2009); *see also Nationwide Airlines (PTY) Ltd. v. African Global, Ltd.*, No. 3:04cv768(MRK), 2007 WL 1201765, *2 (D. Conn. Apr. 23, 2007) (construing Rule 52(b) motion as being "in the nature of a motion for reconsideration" because it did not simply "seek[] to correct a mathematical calculation," and noting that "[t]he standard for granting a motion for reconsideration is strict"). This standard is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying

---

[3] Although "[t]he Supreme Court has stated that '[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal,'" *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53 (2d Cir. 2004) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)), the Court has jurisdiction to consider Plaintiffs' timely Rule 52(b) motion under Federal Rule of Appellate Procedure 4(a)(4)(A)(ii), *see* Fed. R. App. P. 4(a)(4) Advisory Committee Note (1993) ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."); *see also In re Johnson*, Nos. 95–5337 & 95–7253, 1996 WL 174379, *1 (D.C. Cir. Mar. 12, 1996) (*sua sponte* holding appeal "in abeyance pending the district court's disposition of . . . a motion to amend findings pursuant to Fed. R. Civ. P. 52(b)" because the "post–judgment motion filed in the district court suspends, rather than the destroys, the effect of the notice of appeal").

reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice,'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478), and reconsideration should be granted only if "the moving party can point to . . . matters . . . that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257; *accord Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008), or that "might have materially have influenced its earlier decision," *Building Serv. 32B–J Pension Fund v. Vanderveer Estates Holding, LLC*, No. 00 Civ. 0364(RWS), 2001 WL 243534, *2 (S.D.N.Y. Mar. 7, 2001) (reciting standard specifically as to Rule 52(b) movant's burden; internal quotations omitted).

Plaintiffs ask the Court to make factual findings regarding HANH's provision to Section 8 Households of any list of available accessible units (an "AAUL"); a list HANH produced in response to a preliminary injunction entered in a related case, *Gaither v. Housing Authority of New Haven*, 3:07cv667(WWE) (D. Conn. Sept. 19, 2007); whether any list produced by HANH contained information about availability and accessibility; whether any individually–named Defendant participated in the production of the lists; and whether the lists were made available to the public.

The Court specifically declined to make any factual findings on the subject matter of the requested findings, all of which relate to questions regarding the existence and sufficiency of any AAUL produced by HANH, because those findings would have been

3

immaterial to the Court's disposition of Plaintiffs' claims. Plaintiffs had argued that HANH had an obligation to produce an AAUL under 24 C.F.R. § 8.28(a)(3) (a regulation promulgated under Section 504), and sought to enforce subsections (2), (3), and (5) of § 8.28(a) through 42 U.S.C. § 1983. But the Court "conclude[d] that although the subsections of § 8.28(a) may provide guidance on whether a proposed accommodation would be reasonable under Section 504 itself, Plaintiffs do not have a private right of action to *enforce* § 8.28(a) through § 1983." *Taylor*, 267 F.R.D. at 40–41 (emphasis in original); *see generally id.* at 40–47.

A corollary of the Court's conclusion was that "the private right to an accessible unit list . . . cannot be privately enforced" by Plaintiffs, *id.* at 46, who therefore could not "proceed on the ground that they were injured by their inability to obtain the list," *id.* at 64. To the extent § 8.28(a)(3) guided the Court's interpretation of Section 504 itself (which Plaintiffs undisputedly have a private right of action to enforce), *see id.* at 42, 64, the regulation suggested that Section 504 required HANH to give Plaintiffs' households "any information about 'available accessible units *known to* [*HANH*],'" and therefore to prove Defendants' liability Plaintiffs would have to show "HANH's failure to share with its Section 8 Disabled Households, when issuing them vouchers, information *in HANH's possession* about available accessible units." *Taylor*, 267 F.R.D. at 64–65 & n.30 (emphases in original).

In concluding that Plaintiffs had not done so, the Court found, as a factual matter, that

4

> Plaintiffs . . . did not adduce any evidence at trial that HANH had any information about available accessible units that it failed to share with Disabled Section 8 Households. To the contrary, much of the evidence focused on HANH's attempts to gather the very information necessary to compile an AAUL. . . . Th[e] evidence shows that to the extent HANH had information about accessible units, it obtained that information for the very purpose of sharing it with, and benefitting, its Disabled Section 8 Households.

*Id.* at 65.

The subject matter of the factual findings Plaintiffs now ask the Court to make—whether the AAULs that HANH provided complied with 24 C.F.R. § 8.28(a)(3), whether they contained up–to–date and accurate information about availability and details about accessibility, and whether were made available to the public—could not affect the Court's determination that Plaintiffs did not show Defendants to be liable under Section 504. Combined with the legal conclusion that HANH's AAUL–related liability under Section 504 could be shown only by its "failure to share . . . information *in* [*its*] *possession* about available accessible units," the Court's factual finding that Plaintiffs did not show "that HANH had any information about available accessible units that it failed to share with Disabled Section 8 Households" demonstrated Defendants' non–liability and was the basis for the Court's decision on that claim. The Court declined to make factual findings about the content and provision of any lists HANH actually produced precisely because its legal conclusions reflected that those findings could not alter its decision that Defendants are not liable.

For these reasons, Plaintiffs have not shown that the proposed factual findings they ask the Court to make would "materially have influenced its earlier decision," *Vanderveer*

5

*Estates Holding*, 2001 WL 243534 at *2, or "the availability of new evidence, or the need to correct a clear error or prevent manifest injustice,'" *Virgin Atl. Airways*, 956 F.2d at 1255, or other "matters . . . that might reasonably be expected to alter the conclusion reached by the court," *Shrader*, 70 F.3d at 257.  Accordingly, Plaintiffs' Motion for Additional Findings [Doc. # 245] is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 14th day of July, 2010.